Mrs. R. K. GILBERT, Mrs. E. J. STEVENS, and E. L.
   HOLSINGER, as the Board of Trustees of School
   District No. 38, Fremont County, Wyoming, and
   School District No. 38 of Fremont County, Wyoming
   v. WALTER WARREN
        (No. 1429; Aug. 16, 1927; 258 Pac. 587.)

SCHOOL DISTRICTS—BOND ELECTIONS—QUALIFICATIONS OF ELECTORS.

   1. Laws 1925, Chapter 35, providing that electors voting on
      school tax appropriations and bonding of school districts,
      must be tax payers on real property within the district,
      is unconstitutional.  (See West v. School District, 258
      Pac. 583.)

ERROR to District Court, Fremont County; BRYANT S.
CROMER, Judge.

Action by Walter Warren against School District No.
38, of Fremont County, to enjoin the issuance of bonds
of said district.  From a judgment for plaintiff, defen-
dants bring error.

*O. N. Gibson,* for plaintiffs in error.

The only question involved here is the sufficiency of the
petition and the validity of Chapter 35, Laws of 1925,
amending Section 2244 C. S. 920; the Constitution re-
quires elections to be open, free and equal; Article I,
Sec. 27.  It prescribes the qualifications of electors; Ar-
ticle VI, Sec. 2.  It prescribes a limitation of public debt;
Article XVI, Secs. 4, 5.  The qualifications of electors, to
vote on school tax appropriations or school district bonds,
are prescribed by law; Laws 1905, Chapter 68; Laws 1925,
Chapter 35.  The latter statute being an amendment,
evidently enacted to harmonize the qualifications of
school district electors with the qualifications of bond
electors generally, as defined by Chapter 36, Laws 1926;
general provisions, respecting the conduct of elections,
do not impose restraint upon legislatures to prescribe

property qualifications upon those who vote at municipal or school elections; Spitzer v. Village, (N. Y.) 64 N. E. 957; Simpkins v. City of Rock Springs, 33 Wyo. 166. The language of Sections 2, 4 and 5, of Article XVI, Constitution, commands a vote of the people; this calls for a judicial determination of the sense in which the word "people" is here used; there is nothing in the Constitution warranting the exception of school district bond elections from the rule announced in Simpkins v. City, supra.

*M. C. Burk,* for defendant in error.

Section 2244 C. S., as amended, controls the qualifications of voters at school elections upon questions of appropriation of money or voting bonds of the district; such qualifications are not affected by the decision in the Rock Springs Case, which was based upon Chapter 36, Laws 1925; Article V, Section 1, and Article VII, Section 9, of the Constitution, relate to schools; Section 3932, R. S. 1887, was in effect when the Constitution was adopted, and Chapter 80, of the Laws of 1890, following the adoption of the Constitution, provided that school elections should be carried on as other elections; this statute was amended by Chapter 68, Laws 1905, requiring voters to be property owners in order to vote on appropriations and bond issues of school districts; general authority to create school districts and municipalities confers authority to prescribe special qualifications of electors; 35 Cyc. 875; Harris v. Burr, 52 Pac. 17; 39 L. R. A. 768; 24 R. C. L. 568. The business of school districts is transacted at the annual district meeting; Parker v. School District, 17 Wyo. 534. A practical construction, acquiesced in by the people for a long period of time, is more likely to be right than a newly discovered question suggested by the emergency of current litigation; 6 R. C. L. 67; Pueblo County v. Smith, 45 Pac. 357, 33 L. R. A. 465; Ry. Co. v. Cameron, 65 N. W. 652. The legislature has maintained the principle in various enactments; the word "people",

used in the Constitution, means those who are entitled to vote in the district, as prescribed by law; Beverly v. Sabin, 20 Ill. 357; Scott v. Twombley, 46 N. Y. S. 699. The case of Simpkins v. Rock Springs, 33 Wyo. 166, does not reach bond elections in school districts; the words "people" and "electors" are used interchangeably in the Constitution, with reference to the qualifications of voters.

BLUME, Chief Justice.

This is an action instituted in Fremont County, Wyoming, by the plaintiff, Walter Warren, against School District No. 38 of said county and the trustees thereof, defendants, to enjoin said defendants from issuing the bonds of said district. The petition alleges in brief that a special school district meeting was held in said district on July 24th, 1926, for the purpose of voting bonds of said district, in the amount of $12,000, for the erection of a schoolhouse; that at said meeting many persons were permitted to vote who did not have the requisite qualification of voters prescribed by chapter 35 of the Session Laws of 1925—their qualification as voters not being questioned otherwise; that a sufficient number of voters not qualified as prescribed by chapter 35 aforesaid, were permitted to vote, so that the proposition whether such bonds should be issued, was carried—the inference being left that the proposition would not otherwise have been carried; that the proposition submitted at said election was, accordingly, declared carried and the defendants threaten to and are about to issue the bonds of said district in the amount above mentioned. The defendants filed a demurrer to the petition, which was overruled. The defendants elected to stand upon their demurrer, and judgment was entered by the court enjoining them from issuing such bonds. From that judgment they have appealed.

The theory upon which the demurrer above mentioned was overruled and the judgment herein was entered, was

that chapter 35 of the Session Laws of 1925, prescribing the qualifications for voters at bond elections in school districts, is in all respects valid and constitutional. The identical question has been passed upon and decided this day in the case of W. R. West et al. v. School District No. 9 in the County of Platte, et al., (Wyo.) 258 Pac. 583, and has been decided contrary to the decision of the trial court in the instant case, and our decision in that case is controlling in this case.

The judgment of the District Court herein must accordingly be reversed, with direction that the demurrer filed by the defendants below be sustained. It is so ordered.

*Reversed.*

POTTER, J., and KIMBALL, J., concur.